**SO ORDERED.**

**SIGNED September 14, 2011.**



_____
ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA

IN RE:

LANETTE CAVIEDES                                    CASE NO. 10-21288

    Debtor                                          Chapter 13

------------------------------------------------------------------
                        MEMORANDUM RULING
------------------------------------------------------------------

    Before the court is the debtor's amended plan (docket number 42). Debtor's proposed plan separately classifies an unsecured deficiency claim owed to Trustmark National Bank and proposes to pay that claim in full. The debtor is a co-signer of the debt at issue, and is paying that claim in full to protect her co-debtor. In support of this treatment, the debtor relies on 11 U.S.C. § 1322(b)(1) and *In re Chacon*, 202 F.3d 725 (5th Cir. 1999). Section 1322(b)(1) provides that a plan may "designate a class or classes of unsecured claims, as provided in section 1122 of this title, but

may not discriminate unfairly against any class so designated; ***however, such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims ...*** " (emphasis added).

*Chacon* holds that payment in full of separately classified co-signed debt is permissible under the last clause of section 1322(b)(1) as long as the differences in treatment "rationally further a legitimate interest of the debtor and do not disproportionately benefit the cosigner." 202 F.3d at 726. The proposed classification of co-signed debt in this case furthers a legitimate interest of the debtor and does not disproportionately benefit the co-signer. The debt was incurred for a vehicle used primarily by the debtor. The trustee, however, questions the plan's proposal to pay interest on the debt. The plan proposes to pay Trustmark interest of 7%. In *Chacon*, the court affirmed the denial of plan confirmation because the plan included payment of 12% interest on the co-signed debt. According to the court, "[n]o justification appears for a high and preferential interest rate." *Id.* The court does not read *Chacon* to preclude the payment of interest as long as the proposed rate is reasonable based on the totality of the circumstances. The interest rate proposed by the debtor is less than the contract rate and, based on the totality of circumstances, appears reasonable. Accordingly, the court

overrules the trustee's objection to plan confirmation.  The debtor's amended plan (docket number 42) is **CONFIRMED**.  The trustee shall submit a confirmation order that reflects the court's ruling herein.

###